Agnes, A.J.
1. Introduction 
This civil action arises out of a labor-management dispute between the Town of Bellingham (“Town”) and a local firefighters union which is the representative of firefighters employed by the Town. The dispute was committed to the Joint Labor-Management Committee (“JLMC”) pursuant to St. 1987, c. 589, §4A. The JLMC in turn referred the dispute to a panel of arbitrators. *270 The arbitrators made an award consisting of a 3% annual wage increase in favor of the employees and the imposition of a twenty-four-hour shift. The Town does not challenge the award of a wage increase, but does dispute the validity of the order for the twenty-four-hour shift, and has filed a motion in opposition. This court has rejected the Town of Bellingham’s requests to vacate part of a decision issued by the JLMC twice. A single justice of the Massachusetts Court of Appeals affirmed the Superior Court’s denial to vacate the decision of the JLMC. See Plaintiff’s Opposition to Motion, p. 1. The plaintiff claims that the defendants’ motion is frivolous, and asks this Court to deny the motion and award fees and costs to the plaintiffs. See id. at 2.
2. Background
The JLMC directed the plaintiff union (the “Union’’) and the defendant Town of Bellingham (the “Town”) into binding arbitration by the JLMC pursuant to Section 4A of Chapter 1078 of the Acts of 1973.[1] See Local 2071 v. Town of Bellingham, Superior Court C.A. No. 04-1281 (July 2, 2004) (Billings, J.). The JLMC certified the following issues for arbitration: wages, work schedules, call back, EMT/Paramedic stipends, clothing allowance and vacation leave. Id. at 1. On December 29, 2003, the arbitrators rendered an award. See id. at 2. The only issue of the award the Town disputes is the changing of the shift schedules to a 24-hour shift schedule.[2] See id. On January 22, 2004 the town commenced an action in this Court requesting “that this Court vacate and modify the arbitration award at issue.” Id. (quoting Civil Action No. 04-149). On May 27, 2004, this Court granted the Union’s motion to dismiss on the ground that the Town failed to follow statutory requirements.[3] Id. On June 29, 2004, the Court denied the Town’s motion for reconsideration.[4] Id. On July 2, 2004, the Court allowed the Union’s request for preliminary injunction, and ordered the Town and its fire chief to implement the 24-hour shift schedule. See id. The Town maintains that the setting of shift schedules is a nonarbitrable issue as it is a “core management right.” See id. Defendants filed this action in response to the July 2, 2004 holding of this Court.
3. Discussion
Chapter 589 of the Acts of 1987 Section 4A[5] (“hereinafter referred to as Section 4A”) governs dispute resolution of labor issues. Section 4A “established a Joint Labor-Management Committee with responsibility for collective bargaining negotiations involving municipal police officers and firefighters. The committee may order disputes to be submitted to binding arbitration ”in accordance with the standards, provisions and limitations of §4 of St. 1973, c. 1078." Local 2071 v. Town of Bellingham, Superior Court C.A. No. 04-1281, p. 3. (July 2, 2004) (Billings, J.), quoting Massachusetts Teachers Ass’n v. Secretary of the Commonwealth, 384 Mass. 209, 236 (1981). Section 4A does limit the type of issue that is subj ect to arbitration for firefighter matters:
. . . [T]he scope of arbitration in fire fighter matters shall not include the right to appoint and promote employees. Assignments shall not be within the scope of arbitration; provided, however, that the subject matters of relationship of seniority to transfers and disciplinary and punitive transfers shall be within the scope of arbitration . . .

Id.

4. The defendants claim that the 24-hour shift ruled on by the JLMC was a non-arbitrable question, because according to Labor Relations Commission case law, the shift schedule was a “core management right,” not subject to arbitration. See Defendants’ Motion to be Heard, pp. 1-2. According to the cases the defendants submitted, creating a new shift is not subject to arbitration, although hours of a shift are subject to arbitration. See Defendants' Motion to be Heard. The JLMC noted the Town’s claim, but determined that awarding the 24-hour shift was simply another way of organizing the hours of work in a delineated period of time. See In the Matter of Interest Arbitration Between Local 2071, IAFF and Town of Bellingham (JLMC-03-02F) p. 5. In its earlier order, this court approved the JLMC’s position, noting that the legislature had limited arbitration of fire fighter assignments, but allowed arbitration for “hours of work.” See Local 2071 v. Town of Bellingham, Superior Court C.A. No. 04-1281, p. 3. (July 2, 2004) (Billings, J.) pp. 5-6. In the earlier equity matter, the court ruled that if the Legislature intended the restriction on arbitration of “assignments” to include shift schedules, the Legislature would have written the words “shifts,” “schedules,” or “hours of work,” instead of assignments. Id. at 6. It should be noted that in the earlier proceedings in this case, the defendant Union submitted copies of twelve arbitration awards that ordered the implementation of a 24-hour shift schedule.[6] See id. Additionally, this court has previously granted a firefighters’ union’s motion for preliminary injunction, ordering the City of Medford to implement a 24-hour shift schedule. See City of Medford v. Medford Firefighters Local 2032, Middlesex Superior Court C.A. No. 02-1548, Memorandum of Decision and Order on Defendants’ Motion for Preliminary Injunction, May 6, 2002 (Sanders, J.) (upholding the 24-hour shift schedule awarded by the JLMC in an arbitration).
5. The question of the arbitrability of the hours contained in a shift was not resolved by the injunction issued in the earlier proceeding. However, the defendants have not offered any controlling authority or given any persuasive reasons why this court should decide the question differently from the result in the other cases referred to above. The fundamental question is whether the matter of a twenty-four-hour work shift as ordered by the arbitrators is equivalent to the assignment of firefighters, a non-arbitrable subject or *271 is subject to any other explicit exemption under the JLMC law. From the context of the statute which excludes assignments and transfers of employees from arbitration, it is evident that the Legislature sought to exempt from arbitration any issue directly related to the type of work performed by employees, but not work hours. Thus, based upon the record before the court I rule that the issue was arbitrable, and that there is support in the record for the decision by the arbitrators.[7] For these reasons, the defendants’ motion to be heard and for a ruling on the arbitrability issue is DENIED.[8]
ORDER
For the above reasons, the defendants’ motion to dismiss is DENIED. Furthermore, based on the fact that the essential facts are not in dispute and the merits have been fully briefed and argued, the preliminary injunction previously entered shall become a permanent injunction and it is hereby ORDERED AND ADJUDGED that the matter of a twenty-four-hour work shift as ordered by the arbitrators is not equivalent to the assignment of firefighters, a non-arbitrable subject and is not subject to any other explicit exemption under the JLMC law, St. 1987, c. 589, §4A. Furthermore, it is hereby ORDERED AND ADJUDGED that that the matter of a twenty-four-hour work shift as ordered by the arbitrators was arbitrable, and that there is support in the record for the decision by the arbitrators.

Section 4A of Chapter 1078 of the Acts of 1973, as added by St. 1977, c. 730, §1 and as amended through St. 2002, c. 300, §14.

Paragraph 1 of the Award: Hours of Work: Effective July 1, 2004, the twenty-four (24) hour shift is awarded in a (1/2)/1/4 configuration with conditions as specified in the Finding and Opinion section of the award. Id.

The Town failed to follow the procedures set forth in Massachusetts General Laws ch. 30A, §14 which governs final agency decisions in an adjudicatory proceeding. See id. at 2.

In the same June 29,2004 decision, the Court denied the Union’s cross motion for preliminary injunction because the Union did not counter-claim in the action, and the action dismissed, so the Union had asserted no claim that was likely to succeed. See id. The Court invited the Union to file an action for enforcement of the JLMC decision. See Plaintiffs Opposition to Defendants’ Motion, p. 2.

Chapter 154 of the Acts of 1979 added a new Section 4A to what was Chapter 1078 of the Acts of 1973. The last material change relevant to this case was when 4A was amended by St. 1987 c. 589. See Local 2071 v. Town of Bellingham, Superior Court C.A. No. 04-1281, p. 3 (July 2, 2004) (Thomas Billings).

Judge Billings notes that the JLMC has been admitting this issue to arbitration for an extended period of time. Id. at 6. “[Reasonable and consistent interpretations of statutes, by agencies charged with their implementation, are entitled to deference.” Id. (quoting Board of Education v. School Comm. of Quincy, 415 Mass. 240, 244 (1993)).

Judge Billings decided the Town did not argue that the award was in any way not supported by substantial evidence. Additionally, the Town’s contention that the shift-schedule presented public safety concerns was unsupported by the evidence. Id. at 7.

The Town of Bellingham essentially waived any legal claims by not having properly brought the action under Chapter 30A. See Ptaintff s Opposition, p. 4. This Court and a single justice of the Appeals Court agreed that the Town waived their substantive challenge. Id. at 5. This Court, however, need not further address this issue in light of the adoption of Judge Billings’s reasoning.